**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **RHYAN HURD, Individually and On Behalf of All Others Similarly Situated,** | § § § | Civil Action No.: 7:23-cv-142 |
| | § | Complaint—Collective Action |
| **Plaintiff,** | § § | Jury Trial Demanded |
| **V.** | § § | |
| **JAN RESOURCES, LLC,** | § § § § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Rhyan Hurd ("Plaintiff"), individually and on behalf of all persons similarly situated, files this Collective Action Complaint against Defendant JAN Resources, LLC ("Defendant" or "JAN"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claim occurred within this judicial district and Defendant does business in this district.

## PARTIES

3. Plaintiff Rhyan Hurd is an individual currently residing in Lafayette Parish, Louisiana. He worked for Defendant from 2022 to 2023. He worked for Defendant in West Texas. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hurd has consented in writing to join this action and his written consent is attached hereto as Exhibit A.

4. Defendant JAN Resources, Inc. is an oilfield service company organized under the laws of Texas and headquartered in Odessa, Texas. Defendant may be served process through its registered agent James Lofton at 301 W. 50th Street, Odessa, Texas 79764. Defendant operates throughout the State of Texas and the United States.

5. Defendant JAN Resources, Inc. employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

6. Defendant JAN Resources, Inc.'s annual gross volume of business exceeds $500,000.

## CLASS DEFINITION

7. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who are current or former employees of JAN Resources, Inc. who performed work for JAN Resources, Inc. in the United States at any time in the last three years as field technicians and those in similarly titled positions or performing similar work (the "FLSA Class").

8. Plaintiff reserves the right to re-define the Class(es) prior to notice or class certification, and thereafter, as necessary.

**FACTS**

9. JAN is an oilfield services company that operates in, *inter alia*, Texas, Nex Mexico, Oklahoma, Colorado, Wyoming, Montana, North Dakota, Pennsylvania, Ohio, and West Virginia.

10. One of Defendant's core offerings to its customers is fluid management during the well fracturing process.

11. To perform its fluid management work, Defendant employs workers like Plaintiff Hurd as field technicians.

12. Plaintiff worked for Defendant as field technician from approximately March of 2022 to August of 2023.

13. A field technician is a manual labor job that involves rigging up oil field equipment, connecting hoses, pulling chemical samples, and checking for leaks.

14. Plaintiff and other field technicians typically work well in excess of 12 hours a day.

15. Plaintiff and other field technicians commonly work more than 15 hours a day.

16. Plaintiff's typical schedule was 14 days working followed by 7 days off.

17. Defendant paid Plaintiff on an hourly basis.

18. Defendant did not pay Plaintiff a salary.

19. Defendant did not pay Plaintiff for all the hours he worked.

20. Defendant uses an ADP application to track the number of hours its field technicians work.

21. Despite using the ADP application to record the number of hours worked, Defendant, in many pay periods, would simply pay for 80 hours (i.e., two 40 hour weeks) in a pay period instead of the actual number of hours worked.

22. By not paying for the actual number of hours worked, Defendant underpaid its field technicians both their straight time compensation and overtime compensation.

23. In the three years prior to the filing of this lawsuit, Defendant employed at least 50 other employees with the same job title or duties as Plaintiff who worked throughout the Unites States.

24. Plaintiff and the Class Members are non-exempt employees and, therefore, should have been and should be paid overtime for each hour worked over forty per week.

25. No exemption in the FLSA shelters Defendant from paying overtime to its field technicians.

26. Technicians like Plaintiff are not guaranteed a set number of days to work per week.

27. Technicians like Plaintiff are not guaranteed a set weekly payment.

28. Technicians are paid on an hourly basis, not on a salary basis.

29. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

30. Plaintiff worked overtime as defined in the FLSA.

31. Other field technicians employed by Defendant worked overtime as defined in the FLSA.

32. Technicians do not supervise other employees or manage a customarily recognized department of Defendant's company.

33. Technicians have no authority to hire or fire other employees.

34. Technicians are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

35. Technicians also perform extensive physical labor to perform their normal daily duties.

36. The primary duty of a field technician does not require independent judgment or discretion. Instead, field technicians are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

37. As a result of Defendant's pay policies, Plaintiff and other field technicians were denied overtime pay.

38. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiff and the Class for hours worked in excess of forty during the workweek.

39. Defendant has been sued for misclassifying its field technician workforce as exempt employees in this past.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as described above.

41. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including Defendant's common compensation, timekeeping and payroll practices.

43. Specifically, Defendant underpaid Plaintiff and the FLSA Class by failing to pay for all the hours they recorded working.

44. In the three years prior to the filing of this lawsuit, Defendant employed at least 50 other employees with the same job title or duties as Plaintiff.

45. Small variations in job titles do not change the fundamental fact that these employees were performing the same type of work and paid the same way.

46. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many similar employees throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

49. Defendant's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with 29 U.S.C. § 207(a)(1).

50. Defendant knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

51. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

52. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them to join this action by filing a written notice of consent;

b. A finding that Defendants violated the FLSA;

c. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

d. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

e. Reasonable attorney's fees, costs, and expenses of this action;

f. Pre- and post-judgment interest at the highest applicable rates; and

g. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully Submitted,

By: <u>*/s/ Beatriz Sosa-Morris*</u>
Beatriz Sosa-Morris
Sosa-Morris Neuman, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Texas Bar Number 24076154
Phone: 281-885-8844
Facsimile: 281-885-8813
bsosamorris@smnlawfirm.com